**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:24-CV-16-GNS**

**JAMIAHIA KENNEDY et al.**                                                                  **PLAINTIFFS**

**V.**

**KENTUCKY DEPARTMENT OF JUVENILE JUSTICE et al.**             **DEFENDANTS**

**AGREED PROTECTIVE ORDER**

This matter is before the Court by agreement of Jamiahia Kennedy and Willow Neal, Plaintiffs, and Kentucky Department of Juvenile Justice, Kentucky Cabinet for Health and Family Services, Kerry Harvey, Vicki Reed, George Scott, David Kazee, Tonya Burton and Christopher Rakes, in their individual capacities, Defendants. The Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** that:

1. Many juvenile records at issue in this case are confidential under applicable law, including KRS § 610.340. This Agreed Protective Order ("Order"") governs the handling of confidential, non-public, and/or sensitive information, documents, and other materials produced, provided, or obtained in the above-captioned lawsuit (the "Litigation"). Such information, documents, and other materials may include non-public or personal information and records such as information regarding the identity of juveniles committed to the care and custody of the Kentucky Department of Juvenile Justice, which have been or will be provided, produced, or obtained pursuant to interrogatories, document request(s), notice(s) of deposition, Court Order(s), or subpoena(s) in this Litigation. Such information, documents, and other materials also may include "Protected Health Information" within

    the meaning of 45 C.F.R. § 164.501, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). This Order is intended to meet the requirements of a "qualified protective order" as described in 29 C.F.R. § 164.512(e)(1). Additionally, such information and documents may include juvenile court records otherwise made confidential by KRS 610.340.

2. Documents and electronically stored information produced by the Kentucky Courts of Justice, Kentucky Justice and Public Safety Cabinet, and the Kentucky Department of Juvenile Justice in response to discovery requests, subpoenas, or from any other source in this Litigation, including any video ("Confidential Videos"), are designated as "Confidential" and shall be subject to this Order. Such documents, information, Confidential Videos, and other materials deemed "Confidential" as described herein are referred to hereafter as "Confidential Materials." Additionally, written responses to interrogatories or questions, transcripts, or portions of transcripts otherwise clearly identified as Confidential in this Litigation in writing (or upon written record or transcript in an oral proceeding), from the date of such designation, even if the documents were produced or obtained before such date, shall also be considered Confidential Materials.

3. Absent written consent of the party or person protected, HIPAA, or other applicable privilege, only the parties, counsel for the parties, the Court, and Court personnel shall have access to Confidential Materials. Further, if any party desires to use any Confidential Materials and/or any document, written response to an interrogatory and/or any question, transcript, or portion of a transcript otherwise clearly identified as Confidential, in conjunction with any filing with the Court, or to otherwise place such materials in the public record, then a motion under LR 5.7 to file such materials under seal must first be filed. Such materials will not be filed or placed in the public record until after the Court

has ruled on said motion and any appeal and/or writ procedure regarding the motion is completed and final.

4. Juvenile court records protected by KRS 610.340 are confidential and may only be disclosed with permission of the Court, for good cause shown as required by KRS 610.340. For the purposes of this litigation and the records involved in this litigation, the United States District Court for the Western District of Kentucky can make the determination of whether good cause exists for public disclosure of records otherwise confidential under KRS 610.340.

5. Confidential Materials shall be used solely for legitimate purposes of this Litigation, including use in conjunction with testimony and as exhibits at trial connected with this Litigation. Such use shall be subject to the restrictions of this Order. Confidential Materials shall not be used or disclosed in any proceedings other than this Litigation. Under no circumstance will the parties agreeing to this Order or their representative(s) provide or disclose any Confidential Materials that have been provided, produced, or obtained during this Litigation to the press or media or to any other individual, except as otherwise expressly allowed under the terms of this Order. Use or disclosure of Confidential Materials beyond the restrictions of this Order, whether during this Litigation or after its conclusion, may occur only with the express written consent of the party or person protected by, HIPAA, or other applicable privilege, or of its counsel of record in this Litigation. The parties agreeing to this Order voluntarily agree to comply with its terms immediately upon its execution by all parties hereto, and to comply with its terms as entered or modified by the Court. Counsel for the parties agreeing to this Order shall keep any Confidential Materials secure within their exclusive possession and shall take reasonable efforts to place any Confidential Materials in secure areas.

6. All copies, duplicates, and extracts of any Confidential Materials are identically protected as confidential under the terms of this Order.

7. In the event any party to this Litigation disagrees with the designation of any documents, information, Confidential Videos or materials as "Confidential" or the restriction of the use or disclosure of such documents, information, Confidential Videos or materials pursuant to this Order, that party must in good faith attempt to resolve the disagreement on an informal basis. If the parties are unable to resolve the disagreement informally after attempting in good faith to do so, the party challenging the "Confidential" designation who seeks to except such materials from the terms, conditions, and restrictions of this Order may apply for appropriate relief from the Court. The burden shall be on the party challenging the "Confidential" designation to demonstrate that the restrictions of this Order should not apply to such materials. The Court may resolve the dispute upon <u>in camera</u> inspection of the materials designated "Confidential" and may determine upon good cause shown whether the restrictions of this Order should not apply to such materials.

8. To the extent that any party wishes to use, file or submit for filing as part of the court record any Confidential Materials, the party wishing to do so shall first cause to be filed a motion for leave to file such Confidential Materials under seal. In doing so, the motion must comply with Joint General Order 21-1, Joint Amended Electronic Case Filing Administrative Policies and Procedures 8, and Joint Civil Local Rule 5.7.

9. Nothing in this Order nor the production of any Confidential Material under the terms of this Order nor any proceedings pursuant to this Order shall be deemed: (a) to have the effect of an admission or waiver by any party; (b) to alter the confidentiality or non-confidentiality of any document or information; or (c) to alter any existing obligation of any party or the absence thereof. The parties reserve the right to object to the production,

use, or admission into evidence of any Confidential Materials for any reason grounded upon the Rules of Civil Procedure and/or the Rules of Evidence. This Order shall not operate as a waiver by any party to this Litigation of any objection to producing or providing any documents, information, or other materials.

10. By entering this Order, all current and future Plaintiffs consent to all current and future Defendants having access to juvenile court records of the current and future Plaintiffs. Such juvenile court records obtained shall be subject to the limitations of this Order.

11. The Court may modify this Order, *sua sponte*, upon prior adequate notice. Further, the Court is not bound by the parties' designation of material as Confidential Materials. The parties' "Confidential" designation is preliminary and any such designation shall not be construed as a judicial determination that any particular material is, in fact, protected from disclosure in the event that the designation is challenged.

12. After the Conclusion of this Litigation (which means after final order of the Court and after all appeal rights have expired), any Confidential Materials that also constitute "Protected Health Information" within the meaning of 45 C.F.R. § 164.501, shall be returned to the disclosing individual or entity, or shall be destroyed upon the expiration of sixty (60) days of the Conclusion of the Litigation, except that a named party to this Litigation and Order may waive this requirement with regard to Protected Health Information directly concerning that party by failing to request return or destruction within 60 days after the conclusion of the Litigation. Otherwise, all Confidential Materials shall be kept in the possessing parties' secure files after the Conclusion of this Litigation in accordance with the provisions herein or shall be returned to the party who produced them in discovery, or shall be destroyed, upon that party's request by arrangement of that party and at that party's expense within six (6) months after the Conclusion of this Litigation. However, failure to

request return or destruction does not alter the terms of this Order or the obligation of any party to maintain the confidentiality of the information contained in Confidential Materials. After Conclusion of this Litigation, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over all persons who have access to Confidential Materials and/or Confidential Videos produced pursuant to this Order for the purposes of enforcement of this Order, including any appropriate sanctions for violations.

Seen and agreed to:

/s/ Edward A. Baylous
Edward A. Baylous II
Justice and Public Safety Cabinet
125 Holmes St., 2nd Floor
Frankfort, KY 40601
edward.baylous@ky.gov
*Counsel for Defendants Kerry Harvey,*
*Vicki Reed, George Scott, David Kazee,*
*Tonya Burton and Christopher Rakes,*
*in their individual capacities*

/s/ Laura E. Landenwich
LAURA E. LANDENWICH, #92109
ADAMS LANDENWICH LAY, PLLC
517 West Ormsby Avenue
Louisville, KY 40203
laura@justiceky.com
(502) 561-0085

and

/s/ John Friend
JOHN FRIEND
ERIN STEMLE
ALEX R. WHITE, PLLC
904 Minoma Avenue
Louisville, KY 40217
johnny@friendlawky.com
erin@arwhitelaw.com
(502) 882-7552
*Counsel for Plaintiffs*

Greg N. Stivers, Chief Judge
United States District Court

February 23, 2024

*/s/ Wesley W, Duke*
Wesley W. Duke
Jamhal L. Woolridge
Cabinet for Health and Family Services
Office of Legal Services
275 East Main Street 5W-B
Frankfort, KY  40621
(502) 564-7042
Counsel for CHFS