UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:24-CV-16-GNS

**JAMIAHIA KENNEDY**, *et al.*                                   **PLAINTIFFS**

**V.**

**KENTUCKY DEPARTMENT OF JUVENILE JUSTICE**, *et al.*           **DEFENDANTS**

MOTION TO STRIKE
AMENDED COMPLAINT ADDITION OF NEW PARTIES

Come Defendants Kerry Harvey, Vicki Reed, George Scott, James Sweatt, David Kazee, Tonya Burton, and Christopher Rakes ("Movants"), by counsel, and, pursuant to Federal Rule of Civil Procedure 12(f), move to strike the Amended Complaint because it improperly adds parties without an order from the Court as required by Federal Rule of Civil Procedure 21.

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Courts have found that a Motion to Strike is the appropriate method to challenge the addition of improper parties in an amended complaint. *See Cornelia Light & Rick Light v. Guidant Corporation, et al.*, 2007 WL 2325940, *2 (W.D.Ky. August 13, 2007).

While Federal Rule of Civil Procedure 15(a)(1) permits a **party** to amend pleadings without leave of the Court in very specific circumstances, the addition of new parties is controlled by Federal Rule of Civil Procedure 21, which requires that a party receive permission of the Court before adding or dropping parties. *Keller v. University of Michigan*, 411 F. Supp. 1055, 1057 (E.D. Mich. 1974).  In the *Keller* case, the Plaintiffs attempted to add new Defendants in the course of

amending their Complaint. The Court found that while Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleadings once as a matter of course at any time before a responsive pleading is served, it does not allow them to add parties. The Court explained that "the proper procedure to add parties would still have been to request leave of this Court pursuant to Rule 21." *Keller v. University of Michigan*, 411 F. Supp. 1055, 1057 (E.D. Mich. 1974).

In the case at bar, Chanchiz Brown, D.B., and C.C. were not parties to the original Complaint and are presenting new claims on their own behalf in the Amended Complaint.[1] In addition, the Amended Complaint also attempts to add Secretary Keith Jackson, Commissioner Randy White, Tom Milburn in the caption of the case as Defendants, and Marshay Boyd, Elzie Burgher and Dena Burton in the body of the Amended Complaint as new Defendants to the action.[2] This is improper without leave of Court.

Wherefore, the Movants ask the Court for an order: 1) striking Chanchiz Brown, D.B., and C.C. as Plaintiffs and 2) striking Secretary Keith Jackson, Commissioner Randy White, Tom Milburn, Marshay Boyd, Elzie Burgher and Dena Burton as Defendants.

/s/ Edward A. Baylous II
Edward A. Baylous II
Ky. Bar No. 86971
JUSTICE & PUBLIC SAFETY CABINET
OFFICE OF LEGAL SERVICES
125 Holmes Street
Frankfort, KY 40601
502-564-8231
edward.baylous@ky.gov

---

[1] There is an additional problem that D.B. and C.C. are minors that, under Kentucky law,, are unable to initiate a suit in their own name.

[2] Marshay Boyd, Elzie Burgher and Dena Burton are mentioned as parties in the body of the complaint but not in the caption as required by Federal Rule of Civil Procedure 10.

**<u>Certificate of Service</u>**

       The undersigned hereby certifies that he filed this Waiver of Service through the CM/ECF System which served a copy on the counsel of record on this the 24th day of April 2024.

<u>/s/ Edward A. Baylous II</u>