**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:24-CV-16-GNS**

**JAMIAHIA KENNEDY,** *et al.*                                                                                    **PLAINTIFFS**

**V.**

**KENTUCKY DEPARTMENT OF JUVENILE JUSTICE,** *et al.*                          **DEFENDANTS**

**RENEWED MOTION TO DISMISS**
**OFFICIAL CAPACITY CLAIMS**

Come Defendants, the Kentucky Department of Juvenile Justice ("DJJ"), the Justice and Public Safety Cabinet ("JPSC"), Kerry Harvey, Keith Jackson, Vicki Reed, Randy White, George Scott, David Kazee, James Sweatt, Tonya Burton, Christopher Rakes, Tom Milburn, and Joe Caskey, by counsel (collectively "Movants"), pursuant to Federal Rule of Civil Procedure 12(b)(6), move to dismiss the official capacity claims asserted against them in the Amended Complaint for failure to state a claim upon which relief can be granted. As grounds for their motion, Movants state as follows:

**SUMMARY OF CLAIMS**

Plaintiffs, Kennedy, and Neal have filed an Amended Complaint making claims under the Americans With Disabilities Act and the Rehabilitation Act in addition to the original 42 U.S.C. § 1983 claims and a state law negligence action. The Amended Complaint also includes a class action against Movants, seeking actual and punitive damages, as well as declaratory and injunctive relief. [DN 24.][1]  Plaintiff, Jamiahia Kennedy, states that she was confined at the Adair County

---

[1] The Amended Complaint also adds three plaintiffs, which is improper under Fed. R. Civ. P. 18 and 20, which will be addressed in a separate motion.

1

Youth Detention Center ("Adair Detention Center" or "Adair") from approximately August 30, 2022 to December 13, 2022 and the Campbell County Regional Juvenile Detention Center ("Campbell Detention Center" or "Campbell") from approximately December 2022 to October 2023. [DN 24, Page ID# 173, ¶32.] Plaintiff, Willow Neal states, that she was confined at the Adair Detention Center from November 10, 2022 to December 14, 2022, when she was transferred to the Campbell Detention Center. [DN 24, Page ID# 173, ¶33, Page ID# 192, ¶171.]

Kennedy and Neal assert that, while confined at the Adair and Campbell Detention Centers, they were held in isolation, subjected to excessive force, subjected to unsanitary conditions, deprived of educational instruction, denied basic hygiene and showers, denied mental health treatment, and denied prescribed medicine. [DN 24, Page ID# 190-93, ¶131-171.] They also assert that they were denied feminine hygiene products, and that their bodies were exposed to male view. [*Id.*]

Plaintiffs assert, on behalf of themselves and other purported class members, that the conditions of confinement to which they were exposed violated their rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution [DN 24, Page ID# 196-198, ¶218-226], constituted negligence under Kentucky law [*Id.*, Page ID# 198-199, ¶227-235], and violated the Americans with Disabilities Act (ADA), 42 U.S.C §§ 12101 *et seq*., [*Id.*, Page ID# 199-201, ¶236-255] and the Rehabilitation Act, 29 U.S.C. § 794 [*Id.*, Page ID# 201-203, ¶256-270]. However, for the following reasons, named Plaintiffs' official capacity claim for damages is barred by sovereign immunity, and their claim for declaratory and injunctive relief should be dismissed, because Plaintiffs lacked standing when they filed the present action, or those claims

have now become moot because they are no longer confined in a juvenile detention center, nor could they be since they have reached the age of majority.[2]

## STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff[]," *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007), "accept all well-pled factual allegations as true," *id.*, and determine whether the "complaint states a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint falls short if it pleads facts "'merely consistent with' a defendant's liability," *id.* at 678 (quoting *Twombly*, 550 U.S. at 557), or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct," *Id.* at 679. Instead, the allegations must "show[] that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## ARGUMENT

**I.    Sovereign Immunity Bars Official Capacity Claim for Damages.**

In their Amended Complaint, Plaintiffs name the individual Movants in both their individual and official capacities. [DN 24, Page ID# 174-178, ¶37-54]. However, the Amended

---

[2] It can be inferred that Plaintiffs Kennedy and Neal have reached the age of majority since they filed this action in their own names.

Complaint does not clearly state whether Plaintiffs are seeking monetary damages from the individually named Movants in their individual capacities only or in their official capacities as well. To the extent Plaintiffs *are* requesting monetary relief against the Movants in their official capacities, those claims are barred by sovereign immunity.

"Official capacity suits…'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 n55 (1978)). Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. States, state agencies, and state employees sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against a state, its agencies, and state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, any official-capacity claims asserted by Plaintiffs for damages should be dismissed for failure to state a claim upon which relief may be granted because they seek monetary relief from Movants, including JPSC and DJJ, who are immune from such relief.

**II.     Claims for Declaratory and Injunctive Relief Should Also Be Dismissed.**

Plaintiffs' request for declaratory and injunctive relief should be dismissed because they do not have standing. To bring a case or controversy within the meaning of Article III, a plaintiff must have "standing" to sue. *See Ass'n of Am. Physicians & Surgeons v. U.S. Food and Drug Admin.*, 13 F.4th 531, 536-37 (6th Cir. 2021). The Supreme Court's standing test has three requirements. *See Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560-61 (1992). Plaintiffs must have suffered an injury, they must trace this injury to the defendant, and they must show that the court

can redress it. *Id.*

If a plaintiff does not have standing, then the court does not have subject-matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 109 (1998). Therefore, a plaintiff must have standing "at the onset of the litigation." *Friends of the Earth, Inc. v. Laidlow Env't Servs. (TOC), Inc.,* 528 U.S. 167, 180 (2000). A plaintiff who lacks standing from the start cannot rely on factual changes during the suit to establish it. *See Lujan,* 504 U.S. at 569, n.4. Conversely, if a plaintiff possesses standing from the start, later factual changes cannot deprive the plaintiff of standing. *See Laidlaw*, 528 U.S. at 189-90. Those changes instead will create "mootness" issues that trigger that doctrine's more forgiving rules. *Id.* at 190-92.

When seeking injunctive or declaratory relief, "a plaintiff must show that he is under threat or suffering 'injury that is concrete and particularized,'" and the "threat must be actual and imminent, not conjectural or hypothetical." *Summers v. Earth Island Inst.,* 555 U.S. 488, 493 (2009). "Past exposure to illegal conduct…unaccompanied by any continuing, present adverse effects will not suffice to establish a present case or controversy." *Sumpter v. Wayne City*, 868 F.3d 473, 491 (6th Cir. 2017) (internal citations, quotation marks, and brackets omitted).

In *Williams v. City of Cleveland*, 907 F.3d 924 (6th Cir. 2018), a female pretrial detainee who had been arrested for driving with a suspended license filed a putative class action under § 1983 against the city, seeking a declaratory judgment that the jail's practice of strip-searching multiple detainees at a time, and the prior practice of delousing detainees' nude bodies in the presence of correctional officers and other inmates, violated the Fourth Amendment. In examining whether the plaintiff had standing to seek declaratory and injunctive relief, the Court found *Sumpter v. Wayne City*, *supra,* to be instructive, stating:

> In *Sumpter*, this court found that the plaintiff lacked standing to seek declaratory and injunctive relief because she "did not present an actual case or controversy at

> the time she filed her complaint." *Id.* at 490. The plaintiff in *Sumpter* claimed that she was subjected to group strip searches while incarcerated at the county jail. But she left the jail before filing an action seeking injunctive relief, and the court could "only speculate as to whether she will ever return." *Id.* at 491. The court found that it had to assume the plaintiff would follow the law in the future and thus avoid exposure to future potential searches. *Id.* Moreover, the county had changed its policy to prohibit group strip searches. *Id.* Thus, the court found that the plaintiff failed to establish standing to seek injunctive and declaratory relief. Even if her complaint met exceptions to the mootness doctrine, such exceptions could not "cure lack of standing." *Id.*

*Williams,* 907 F.3d at 933.

The Court found that Williams did not have standing to seek declaratory or injunctive relief for the same reasons that the Plaintiff in *Sumpter* lacked standing. *Williams,* 907 F.3d at 933. To begin, Williams was not in the custody of the city when she filed her lawsuit. *Id.* Further, the court assumed that she would not return to the city's custody in the future. *Id.* The Court also noted that the fact that Williams had been jailed after filing her complaint was not relevant to the standing inquiry, because that determination is based on whether Williams had a live, actionable claim for relief at the time she filed her suit. *Id.* Lastly, the Court found that, because the city had discontinued the delousing policy by the time Williams returned to the jail, the threat of future injury to Williams "is more 'conjectural' and 'hypothetical' than 'real and immediate.'" *Id.* at 933-34 (citing *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)).

Here, as in *Sumpter* and *Williams,* Plaintiffs did not have standing to seek declaratory or injunctive relief when they filed the present action. Kennedy and Neal were not being held in custody at Adair, or Campbell, or any other DJJ facility at the time. Nor is there a possibility of them returning to DJJ custody because each has reached the age of majority and did so prior to the filing of the amended complaint. The threat of future injury to them by Movants is therefore an impossibility. Thus, there is no present case or controversy regarding their claims for declaratory or injunctive relief.

Nor does the fact that Plaintiffs brought this case as a class action create standing. The court in *Williams* addressed this issue, stating:

> The class action nature of Williams's complaint also does not cure her standing dilemma. This factor could potentially solve mootness issues, but it does not affect whether Williams, as the named plaintiff, had "a live, actionable claim for injunctive relief at the time [she] filed suit." *Sumpter*, 868 F.3d at 491; *see* O'Shea, 414 U.S. at 494, 94 S. Ct. 669 ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." (citations and footnote omitted)).

*Williams*, 907 F.3d at 934. *See also Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 582 (6th Cir. 2016) ("[P]otential class representatives must demonstrate 'individual standing vis-à-vis the defendant; [they] cannot acquire such standing merely by virtue of bringing a class action.'") (quoting *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 423 (6th Cir. 1998)).

As in *Williams*, named Plaintiffs have not established that a case or controversy exists with the Movants, and they may not seek relief on their own behalf or on behalf of members of the putative class. Therefore, the Court should dismiss Plaintiffs' request for declaratory and injunctive relief.

### III. The Action is Moot.

Even if the Court finds that Plaintiffs had standing to file their official capacity claims, those claims no longer present a live controversy under Article III; even if the Court ordered injunctive relief, it would not affect the named Plaintiffs since they are no longer housed in a detention center. Article III, § 2 of the United States Constitution vests federal courts with jurisdiction to address "actual cases and controversies." *Coalition for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004) (citing U.S. CONST. art. III, § 2). Federal courts lack the power to decide cases which, due to changed circumstances, can no longer impact the rights and interests of the litigants before them. *See DeFunis v. Odegaard*, 416 U.S. 312, 316

(1974). Accordingly, the test for mootness is "whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Sullivan v. Benningfield*, 920 F.3d 401, 410 (6th Cir. 2019).

The Sixth Circuit has consistently found that an inmate's claim for declaratory or injunctive relief generally becomes moot when he or she is transferred away from the institution where the underlying complaint arose. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("[T]o the extent [the plaintiff] seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail."); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 510 n.1 (6th Cir. 2001) (holding that injunctive and declaratory relief are moot when a defendant is no longer incarcerated at the facility that is the subject of his complaint).

Since all prospective relief sought in the complaint is directed at the Adair and Campbell County Detention Centers, without reference to any other institutions, the facts that Plaintiffs were released from or transferred to other DJJ facilities, subsequently discharged from DJJ commitment entirely, and reached the age of majority render all such claims moot. Indeed, even if equitable relief were to be granted to Plaintiffs, Movants are not positioned to effectuate it, as they work either at Adair, or Campbell, where Plaintiffs no longer reside, or for an agency to which Plaintiffs are no longer committed.

## CONCLUSION

The law is clear that Plaintiffs' official capacity claims for monetary damages are barred by sovereign immunity. Further, the law is clear that injunctive relief is not appropriate because Plaintiffs lacked standing when they filed suit or, alternatively, their claims are moot. For these

8

reasons, Movants respectfully request that the Court dismiss the official capacity claims asserted by named Plaintiffs.

/s/ Edward A. Baylous II
Edward A. Baylous II
Ky. Bar No. 86971
JUSTICE & PUBLIC SAFETY CABINET
OFFICE OF LEGAL SERVICES
125 Holmes Street
Frankfort, KY 40601
502-564-8231
edward.baylous@ky.gov

**Certificate of Service**

The undersigned hereby certifies that he filed this Waiver of Service through the CM/ECF System which served a copy on the counsel of record on this the 24th day of April 2024.

/s/ Edward A. Baylous II