UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:24-CV-16-GNS

**JAMIAHIA KENNEDY,** *et al.*                                                                 **PLAINTIFFS**

**V.**

**KENTUCKY DEPARTMENT OF JUVENILE JUSTICE,** *et al.*              **DEFENDANTS**

### RENEWED MOTION TO DISMISS
### INDIVIDUAL CAPACITY CLAIMS

Come Defendants, Kerry Harvey, Vicki Reed, George Scott, James Sweatt, David Kazee, Tonya Burton, and Christopher Rakes ("Movants"), by counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), move to dismiss the individual capacity claims asserted against them in the Amended Complaint for the failure to state a claim upon which relief can be granted. For their Memorandum in Support of their Motion to Dismiss, Movants state as follows:

### INTRODUCTION

Plaintiffs Kennedy and Neal have filed an Amended Complaint making claims under the Americans With Disabilities Act and the Rehabilitation Act in addition to the original 42 U.S.C. § 1983 claims and a state law negligence claim. The Amended Complaint includes a class action against Defendants, seeking actual and punitive damages, as well as declaratory and injunctive relief. [DN 24.] Plaintiff Jamiahia Kennedy states that she was confined at the Adair County Youth Detention Center ("Adair") from August to December 13, 2022, and at the Campbell Regional Detention Center ("Campbell') beginning December 13, 2022. [DN 24, Page ID# 190-92, ¶131-156]. Plaintiff Willow Neal states that she was confined at Adair from November 10 to December

1

13, 2022 and transferred to Campbell on December 13, 2022. [DN 24, Page ID# 192-193, ¶157-171].[1] Kennedy and Neal assert that the conditions of confinement to which they were exposed violated their rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. [*Id.* at Page ID# 196-198, ¶218-226].

The Plaintiffs assert, on behalf of themselves and other purported class members, that while confined at the Detention Center they were held in isolation, subjected to excessive force, subjected to unsanitary conditions, deprived of educational instruction, denied basic hygiene and showers, denied mental health treatment, and denied prescribed medicine. [DN 24, Page ID# 171-173, ¶21-31]. They also assert that they were denied feminine hygiene products, and that their bodies were exposed to male view. [*Id.*]

At the time of Plaintiffs' detention at Adair County Detention Center, Kerry Harvey was the Secretary of the Justice and Public Safety Cabinet, Vicki Reed was the Commissioner of the Department of Juvenile Justice, George Scott was the Executive Director of the Office of Program Operations, David Kazee was the Division Director of the Office of Program Operations, Tonya Burton was the Superintendent of the Adair Detention Center, and Christopher Rakes was the Assistant Superintendent of the Adair Detention Center. Keith Jackson was the Deputy Secretary of the Justice and Public Safety Cabinet and has now become the Secretary following Secretary Harvey's retirement. Tom Milburn is the current Superintendent of Campbell Regional Juvenile Detention Center but did not hold that position at the time of the events alleged in the Amended Complaint. Joe Caskey is the current Superintendent at Fayette Regional Juvenile Detention Center. Neither Randy White nor James Sweatt were employed during the time Plaintiffs were

---

[1] The Amended Complaint also purports to add as Plaintiffs, Chanchiz Brown, and two minors identified as C.C. and D.B. The propriety of adding plaintiffs through an amended complaint is improper and is the subject of a motion.

2

detained in the Adair or Campbell Detention Centers, but Randy White has recently been appointed Commissioner of DJJ and James Sweatt is currently employed as the Executive Director of the Office of Detention.

The Amended Complaint does not allege any direct unconstitutional conduct on the part of any of these Movants. Plaintiffs' federal claims are based solely on the allegation that, in their respective positions, these Movants are "final policymakers" and "decision makers for the Detention Center and had oversight responsibility" [DN 24, Page ID# 197, ¶222-224]. The Amended Complaint retains the original two counts that Movants violated their constitutional rights by failing to a) train and supervise employees and b) promulgate and enforce appropriate policies. [DN 24, Page ID# 197, ¶224-25] and a state law claim of negligence against the Movants claiming they breached the ministerial duties owed to Plaintiffs in KRS 605.100, KRS 15A.065, and KRS 15A.067. [DN 24, Page ID# 198-199, at ¶227-33].

The Amended Complaint also adds two additional counts. The first is an alleged violation of the Americans with Disabilities Act, though no specific disabilities are alleged nor is it alleged how the Movants failed to reasonably accommodate the alleged, yet unspecified, disabilities, [DN 24, Page ID# 199, ¶236 to 255]. The second new count alleges the Movants violated provisions of the Rehabilitation Act. [DN 24, Page ID# 201, ¶256-270]. The new allegations base Movants' liability solely on their positions as alleged "policymakers". [DN 24, Page ID# 196, ¶221]. For the reasons stated below, the allegations in the Amended Complaint do not state a claim upon which relief can be granted against Movants in their individual capacities and should be dismissed.

## ARGUMENT

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a motion to dismiss by a defendant for plaintiff's failure to state a claim upon which relief can be granted. To survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim is facially plausible when a plaintiff 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Coley v. Lucas Cty.,* 799 F.3d 530, 537 (6th Cir. 2015) (quoting *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937).

However, a court is not required to accept as true threadbare recitals of the elements of a cause of action or conclusory statements which are not accompanied by specific factual allegations. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 664 (citing *Twombly*, 550 U.S. 544). When, on the other hand, the allegations in the complaint "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim", they are not entitled to a presumption of truth and [a]re not sufficient to survive a motion to dismiss. *Id.* at 681.

In *Iqbal,* the Plaintiff, a Pakistani pretrial detainee, brought an action against current and former government officials, including Attorney General John Ashcroft and FBI Director Robert Mueller, alleging unconstitutional actions relating to his confinement. The Complaint alleged that the government officials "'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest." *Iqbal*, 556 U.S. at 680 (quoting from the complaint). The Court found that these allegations were not sufficient to state a cause of action against the individual defendants, as they did not show their involvement in clearly

established unconstitutional conduct and dismissed the Complaint. The allegations made in the case at bar against the individual defendants are as vague and non-specific as those in *Iqbal* and should be dismissed.

### I. The constitutional violations alleged in Count I are insufficient to state a claim.

As government officials, Movants are entitled to qualified immunity unless their conduct results in the violation of a clearly established constitutional right. *Crawford v. Tilley*, 15 F.4th 752, 760 (6th Cir. 2021). This immunity protects against the costs and associated inconveniences of defending a suit, including discovery, in addition to shielding the individual from damages. *Id.* "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815, 86 L. Ed. 2d 411 (1985).

Here the Amended Complaint alleges that Movants violated Plaintiffs' constitutional rights by their failure to "hire, promulgate, review, and train" unidentified staff at the Adair and Campbell County Youth Detention Centers. In evaluating the sufficiency of the complaint, it is important not to "conflate[] the constitutional standards for individual supervisory liability and municipal liability." *Dillingham v. Millsaps*, 809 F. Supp. 2d 820, 846 (E.D. Tenn. 2011). For a supervisor to be held liable under § 1983, personal involvement in unconstitutional conduct, rather than claims of systemic failures, is required to make a claim. "A supervisor is not liable pursuant to § 1983 unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 543 (6th Cir. 2008).

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior.*" *Iqbal,* 556 U.S. at 676. *See also Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "A plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. "It follows that, to state a claim based on a violation of a clearly established right, respondent must plead sufficient factual matter to show that petitioners adopted and implemented the detention policies at issue not for a neutral, investigative reason but for" an unconstitutional reason. *Id.* at 677.

The *Iqbal* Court squarely rejected the argument that a supervisor's mere knowledge of his subordinate's unconstitutional purpose amounts to the supervisor violating the Constitution. *Id.* The Court found that "absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct. In the context of determining whether there is a violation of a clearly established right to overcome qualified immunity, purpose rather than knowledge is required." *Id.*

Therefore, to avoid dismissal of a claim against an individual defendant under Fed. R. Civ. P. 12(b)(6), the complaint must make sufficient well-pleaded factual allegations as to each individual defendant that the individual defendant at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct in which a subordinate engaged. A supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). In fact, even if defendants had knowledge of the unconstitutional conduct of their subordinate and failed to act to prevent its recurrence, that does not give rise to liability. *Id.*

Here, there are no allegations in the Amended Complaint that Movants, in their individual capacities, authorized, approved, or knowingly acquiesced in the unconstitutional conduct of a subordinate. In fact, the Amended Complaint fails to allege sufficient facts to establish a plausible claim that Movants even had knowledge of any of the individual incidents listed in the Amended Complaint. The Amended Complaint only alleges that "Defendants knew their policies and practices created conditions that were substantially likely to result in unconstitutional conditions of confinement at DJJ facilities." [DN 24, Page ID# 197, at ¶222]. The Amended Complaint does not specify what policy caused the harm and this is precisely the kind of conclusory allegation that the *Iqbal* Court warns against, *id.* at 677, and falls far short of the allegation of personal involvement required for individual liability for a supervisor.

In a similar claim against the Commissioner of the Kentucky Department of Corrections ("DOC"), alleging that the commissioner was liable in his individual capacity for allegedly unconstitutional medical care at one of the DOC facilities, the Sixth Circuit held that general allegations without some factual basis of how the knowledge of a particular incident was obtained are insufficient:

> At most, Dawn's complaint alleges the following: Erwin accepted Marc's transfer to KSR. Through that process, Erwin was "made aware" of Marc's medical conditions. (R. 44, PageID 424.) Erwin knew that Correct Care's deficient policies and customs posed risks to Marc. Erwin never tried to alleviate these risks. And the combination of these actions and inactions proximately caused Marc's injuries. That's it. Even charitably construed, this is all the activity that Dawn's amended complaint attributes to Erwin, and it is not enough to survive *Iqbal*.

*Crawford v. Tilley*, 15 F.4th 752, 766 (6th Cir. 2021). Absent knowledge, there is no plausible claim that Movants engaged in unconstitutional conduct to encourage any specific incident of misconduct or in some other way directly participated in it. The failure of the complaint to allege

active unconstitutional conduct by the Movants entitles them to dismissal of the individual capacity claims against them.

### II. The allegations in Count II regarding state law negligence are insufficient to state a claim.

Likewise, the state law negligence claims should be dismissed. Plaintiffs simply lump all Movants together in making their state law negligence claim. [DN 24, Page ID# 198-199, ¶227-235]. However, all Movants are entitled to qualified official immunity since the acts they performed were discretionary. "Qualified official immunity applies to the negligent performance by a public officer or employee of (1) discretionary acts or functions, *i.e.,* those involving the exercise of discretion and judgment, or personal deliberation, decision, and judgment, *id.* § 322; (2) in good faith; and (3) within the scope of the employee's authority." *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001).

> Discretionary acts:
>
>> require the exercise of reason in the adaptation of a means to an end, and discretion in determining how or whether the act shall be done or the course pursued. Discretion in the manner of the performance of an act arises when the act may be performed in one of two or more ways, either of which would be lawful, and where it is left to the will or judgment of the performer to determine in which way it shall be performed.

*Rowan Cnty. v. Sloas*, 201 S.W.3d 469, 477 (Ky. 2006), *as corrected* (Sept. 26, 2006). A ministerial act, in contrast, is "one that requires only obedience to the orders of others, or when the officer's duty is absolute, certain, and imperative, involving merely execution of a specific act arising from fixed and designated facts. *Rowan Cnty. v. Sloas*, 201 S.W.3d 469, 478 (Ky. 2006), *as corrected* (Sept. 26, 2006). Ministerial acts are those which a government employee must do "without regard to his or her own judgment or opinion concerning the propriety of the act to be performed." *Marson v. Thomason*, 438 S.W.3d 292, 297 (Ky. 2014).

The distinction between discretionary and ministerial acts in *Marson* is applicable here. In *Marson*, a blind student was injured when he fell from bleachers that were not fully extended as was the practice at the school. The child's parents sued the high school and middle school principals as well as the teacher responsible for extending the bleachers. The Kentucky Supreme Court held that the principals (supervisors) were entitled to qualified official immunity but the teacher was not because:

> There is a qualitative difference in actually extending the bleachers and assigning someone to fulfill that task. Actually extending the bleachers is a certain and required task for the custodians to whom the task is assigned, and is thus ministerial to them. It is not a task that is assigned to the principals, and is not a ministerial task as to them. Principals do have a duty to provide a safe school environment, but they are not insurers of children's safety. They must only be reasonably diligent in this task. Because that task is so situation specific, and because it requires judgment rather than a fixed, routine performance, looking out for children's safety is a discretionary function for a principal, exercised most often by establishing and implementing safety policies and procedures.

*Marson v. Thomason*, 438 S.W.3d 292, 299 (Ky. 2014)

Here, the state statutes cited in Plaintiffs' Amended Complaint, KRS 605.100, KRS 15A.065, and KRS 15A.067, describe discretionary functions. KRS 605.100 requires that the Department of Juvenile Justice ("DJJ") establish a program for the care, treatment, and rehabilitation of children and operate state facilities, KRS 15A.065 is a general description of the organization of DJJ and requires that it be headed by a commissioner, develop programs, and operate facilities for the detention and treatment of juveniles, and KRS 15A.067 defines DJJ powers and describes its responsibility for providing educational services.

There are an infinite number of ways for the officials at the Justice and Public Safety Cabinet and the Department of Juvenile Justice to accomplish these tasks, and the statutes confer discretion on these officials to do so. Therefore, carrying out the functions of KRS 605.100, KRS

9

15A.065, and KRS 15A.067 is discretionary by definition, and Movants are entitled to qualified immunity under Kentucky law. Because these are all discretionary functions, the allegations in Count II should be dismissed.

### III. ADA and Rehabilitation Act claims cannot be made against public employees in their individual capacities.

Movants are also sued in their individual capacities for alleged violations of the provisions of the ADA and the Rehabilitation Act. The law, however, is very clear. "The proper defendant to a suit under Title II of the ADA is the public entity or an official acting in his or her official capacity. 'Title II of the ADA does not, however, provide for suit against a public official in his individual capacity.'" *Vick v. Core Civic*, 329 F. Supp. 3d 426, 441 (M.D. Tenn. 2018) (quoting *Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009)). The result is the same for individual capacity claims under the rehabilitation act. "There is nothing in the language of the Rehab Act that expressly authorizes or prohibits suits against individuals acting in their individual capacities. As set forth above, the remedial scheme of the Rehab Act suggests that there is no individual cause of action against non-employer defendants in their individual capacities. "*Key v. Grayson*, 163 F. Supp. 2d 697, 716 (E.D. Mich. 2001). Therefore, the individual capacity claims under Counts II and IV fail to state a claim as a matter of law and should be dismissed.

### CONCLUSION

Having failed to allege facts supporting a plausible claim that Movants engaged in any unconstitutional conduct by authorizing, approving, or knowingly acquiescing in the unconstitutional conduct of a subordinate, they are entitled to qualified immunity, and the claims against them in their individual capacities in Count I should be dismissed. In addition, having failed to make a plausible claim for negligence on the part of Movants, Movants are entitled to official qualified immunity under Kentucky law, and the negligence claims against them in Count

10

II should be dismissed. Also, because claims arising under the Americans with Disability Act or the Rehabilitation Act cannot be made against individuals, the claims against them in Counts III and IV should be dismissed.

Wherefore, for the above-stated reasons, the Court should grant the Motion to Dismiss the claims against these Movants in their individual capacities.

/s/ Edward A. Baylous II
Edward A. Baylous II
Ky. Bar No. 86971
JUSTICE & PUBLIC SAFETY CABINET
OFFICE OF LEGAL SERVICES
125 Holmes Street
Frankfort, KY 40601
502-564-8231
edward.baylous@ky.gov

**Certificate of Service**

The undersigned hereby certifies that he filed this Waiver of Service through the CM/ECF System which served a copy on the counsel of record on this the 23rd day of April 2024.

/s/ Edward A. Baylous II