**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:24-CV-16-GNS**

**JAMIAHIA KENNEDY,** *et al.* **PLAINTIFFS**

**V.**

**KENTUCKY DEPARTMENT OF JUVENILE JUSTICE,** *et al.* **DEFENDANTS**

**MOTION TO DISMISS**

Comes the Defendant, the Cabinet for Health and Family Services ("CHFS"), pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), moves to dismiss the claims asserted against them in the Amended Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. As grounds for their motion, Movant states as follows:

**SUMMARY OF CLAIMS**

Plaintiffs, Kennedy, and Neal have filed an Amended Complaint making claims under the Americans with Disabilities Act and the Rehabilitation Act in addition to the original 42 U.S.C. § 1983 claims and a state law negligence action. The allegations forming the basis of the claims are somewhat difficult to discern; however, it appears the only claims against CHFS concern Plaintiff Willow Neal because the Amended Complaint asserts that she was a youth in the foster care system.[1] The other Plaintiffs' claims that form the basis of this Amended Complaint have no connection to CHFS. Thus, as a result, this Motion will only address the allegations as it relates to this Plaintiff only.

---

[1] Under KRS 194A.030(6), CHFS through the Department of Community Based Services administers and oversees foster care youth in the Commonwealth.

1

Plaintiff Willow Neal alleges in the Amended Complaint that she was confined at the Adair County Youth Detention Center ("Adair Detention Center" or "Adair") from approximately November 10, 2022 to December 15, 2022. [DN 24, Page ID# 192, ¶159.] Plaintiff, Willow Neal states, that she was transferred to the Campbell Detention Center on December 14, 2022. [DN 24, Page ID# 193, ¶171.] Neal asserts that, while confined at the Adair Detention Center, she was held in isolation, subjected to unsanitary conditions, deprived of educational instruction, denied basic hygiene and showers, denied mental health treatment, and denied prescribed medicine. She further alleges that her Cabinet case worker never contacted her during her confinement. [DN 24, Page ID# 192-93, ¶157-171.]

Furthermore, Neal asserts that the conditions of confinement to which she was exposed violated her rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution [DN 24, Page ID# 196-198, ¶218-226], constituted negligence under Kentucky law [*Id.*, Page ID# 198-199, ¶227-235], and violated the Americans with Disabilities Act (ADA), 42 U.S.C §§ 12101 *et seq.*, [*Id.*, Page ID# 199-201, ¶236-255] and the Rehabilitation Act, 29 U.S.C. § 794 [*Id.*, Page ID# 201-203, ¶256-270].

The operation of juvenile detention facilities is solely under the jurisdiction of the Department of Juvenile Justice. CHFS is not responsible for the operation of these facilities, nor does it implement or create policy with respect to the operation of these facilities. *See KRS 15A.305.* For the following reasons, Plaintiff Neal's claims against CHFS fail at their inception and must be dismissed.

**STANDARD OF REVIEW**

Upon a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff[],"

*League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007), "accept all well-pled factual allegations as true," *id.*, and determine whether the "complaint states a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint falls short if it pleads facts "'merely consistent with' a defendant's liability," *id.* at 678 (quoting *Twombly*, 550 U.S. at 557), or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct," *Id.* at 679. Instead, the allegations must "show[] that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Twombly*, 550 U.S. at 555-56). This plausibility standard is required against each named defendant. Courts in this circuit have repeatedly recognized that a complaint must assert allegations of personal involvement against each named defendant. *See Marcilus v. Township of Redford*, 693 F.3d 589, 596 (6th Cir. 2012). "Plausibility requires more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010) (quoting *Iqbal*, 552 U.S. at 658). "Determining whether a complaint states a

3

plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 552 U.S. at 679.

## ARGUMENT

I. **The Constitutional Deprivation Claim Against CHFS Should be Dismissed Because CHFS is Not a "Person" Under 42 U.S.C. 1983.**

Under section 1983, a <u>person</u> who deprives an individual of any federal constitutional or statutory right is liable to that individual. However, state agencies, are not considered a "person" for purposes of liability under section 1983. *Reese v. Industrial Com'n of Ohio*, 3 Fed.Appx. 340, 342 (6th Cir. 2001) (quoting *Howlett v. Rose*, 496 U.S. 356, 383 (1990)). Here, the Plaintiff's section 1983 claim is against CHFS. CHFS is a state agency and not a person for purposes of section 1983 liability. (See *KRS 194A.010* which states the "cabinet is the primary state agency for operating the public health, Medicaid, certificate of need and licensure, and mental health and intellectual disability programs in the Commonwealth.) Accordingly, this claim against CHFS should be dismissed under those grounds.

II. **Sovereign Immunity Bars the Negligence Claim Against CHFS.**

Plaintiff's common law negligence claim against CHFS must be dismissed because it is barred by the doctrine of sovereign immunity and therefore this Court lacks subject matter jurisdiction. Under the Kentucky Constitution, state agencies, "operating under the direction and control of the central state government" are immune from suit (absent explicit waiver). *Stratton v. Commonwealth*, 182 S.W.3d 516, 519 (Ky. 2006). Under KRS 194A.030(6), CHFS, through the Department of Community Based Services, is the primary state agency responsible for overseeing the state foster care system. Because the Cabinet is being sued in connection with its governmental duties of overseeing the foster care of youth in the Commonwealth-and not

proprietary functions-it enjoys complete immunity from the Plaintiffs' state law claims. *Yanero v. Davis*, 65 S.W.3d 510, 519-20. (Ky. 2001).

Similarly, the Eleventh Amendment of the United States Constitution states:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of a Foreign State.

U.S. Const. Amend. XI. This "immunity flows from the nature of the sovereignty itself as well as the Tenth and Eleventh Amendments to the United States Constitution." *Ernst v. Rising*, 427 F.3d 351 (6th Cir. 2005). "Although by its terms the Amendment applies only to suits against a State by citizens of another State, ... [courts] have extended the Amendment's applicability to suits by citizens against their own States." *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001).

An assertion of Eleventh Amendment immunity essentially challenges a court's subject matter jurisdiction. "The Eleventh Amendment restricts the judicial power under Article III, and Article I cannot be used to circumvent the constitutional limitations placed on federal jurisdiction." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 72–73 (1996). "In addition to the states themselves, the Eleventh Amendment immunizes departments and agencies of the states." *Dubuc v. Michigan Bd. of Law Examiners*, 342 F.3d 610, 615 (6th Cir. 2003). Generally speaking, absent a waiver of Eleventh Amendment immunity or Congressional override of a state's immunity, an action cannot be maintained against a state or one of its entities.

This Court has previously addressed the issue of whether a common law claim against a state entity can be maintained. In *Herran Properties, LLC v. Lyon County Fiscal Court, et al.*, No. 5: 17-CV-00107, 2018 WL 2210673, (W.D. Ky. May 14, 2018), plaintiff made a common law claim for failure to train against the Kentucky State Police. In that case, this Court looked at a

recent Eastern District of Kentucky decision, *Baughman v. Brooks,* No. 5:15-CV-00029, 2015 WL 2916150 (E.D. Ky. 2015), for some guidance on the issue. In *Baughman,* the court stated, "[u]nder Kentucky law, a state agency is entitled to immunity from tort liability to the extent that it is performing a governmental as opposed to proprietary function. *Baughman*, 2015 WL 3916150, at *2 citing *Yanero v. Davis*, 65 S.W.3d 510, 519 (Ky. 2001). This Court in the *Herran Properties* case then held, "[t]hus, to the extent that [p]laintiff has herein made a claim for failure to train under Kentucky common law, this claim, too, must be dismissed on the basis of sovereign immunity." *Herran Properties, LLC*, 2018 WL 2210673, at *4.

Here, Plaintiff has made a common law negligence claim against CHFS based on general tort liability. There is no waiver that would allow this claim to be maintained in federal district court. Accordingly, the negligence claim directed at CHFS should be dismissed under sovereign immunity.

**III.     Plaintiff Neal's ADA and Rehabilitative Act Claims are time-barred.**

Plaintiff's ADA and Rehabilitative Act Claims are not timely because they were not brought within one-year that the cause of action accrued. Under the Sixth Circuit, in the context of alleged prisoner mistreatment, ADA/Rehabilitation claims are most analogous to personal injury claims and they are governed by the applicable state statute of limitations. *See Lewis v. Fayette County Detention Center*, 211 F.3d 1269, 2000 WL 556132 (Table) (6th Cir. 2000). In Kentucky, a personal injury claim must be brought within one year after the cause of action accrues. *See KRS 413.140*. Applying this framework to the allegations in the Amended Complaint, the last date mentioned with respect to her claims is December 15, 2022. The Amended Complaint, which added the ADA/Rehabilitative Act claims, was filed in April 2024. Accordingly, these claims are time-barred, and the Court should dismiss them.

**IV. Claims under the ADA and Section 504 of the Rehabilitative Act against CHFS should be dismissed for failure to exhaust administrative remedies.**

With respect to the Rehabilitation Act, "when a claim under this statute involves public education, we must consider a provision in the Individuals with Disabilities Education Act (IDEA). The IDEA states, that before bringing claims under other statutes (specifically listing the Rehabilitative Act) seeking 'relief that is also available under this subchapter,' the administrative procedures in § 1415 must be exhausted to the same extent 'had the action been brought under this subchapter.'" *S.E. v. Grant County Bd. of Educ.*, 544 F.3d 633, 641-42 (6th Cir. 2008). The Plaintiffs' amended complaint alleges that the Plaintiff Willow Neal did not receive educational instruction and only received workbooks to complete on her own. (See Paragraph 167, Page 28 of the Amended Complaint). Nevertheless, the Plaintiffs have not alleged that they had presented these issues in any IDEA administrative proceedings. The law is clear that the Plaintiffs are required to exhaust administrative remedies before bringing this claim to the district court. *L.G. by and through G.G. v. Board of Education of Fayette County, Kentucky*, 775 Fed.Appx. 227 (6th Cir. 2019). Accordingly, this claim as it relates to any public education claims should be dismissed for failure to exhaust administrative remedies.

**V. The Amended Complaint refers to all Defendants categorically and does not provide a sufficient factual basis to distinguish the conduct of CHFS.**

The Amended Complaint fails to distinguish which allegations are attributable to CHFS versus the other named Defendants. This raises notice issues in that in the majority of the Amended Complaint, it makes only categorical references to "Defendants" under each claim. "Requiring that federal defendants be identified with particularity is also in accord with how the Supreme Court discussed *Bivens* liability in *Iqbal:* 'Absent vicarious liability, each Government official, his or her

title notwithstanding, is only liable for his or her own misconduct.'" *Marcilus,* 693 F.3d at 596 quoting *Iqbal*, 556 U.S. 662, 677 (2009). Because the Amended Complaint categorically lumps all the Defendants together in each claim without alleging facts showing personal involvement on the part of CHFS, the claims against CHFS do not meet the standard set in *Iqbal* and should be dismissed.

## CONCLUSION

This Court is tasked with disposing undeveloped claims that fail to state a claim under heightened pleading standards. Assuming Plaintiff Neal's alleged facts as true, standing alone, Plaintiff has failed to set forth a cognizable violation under Section 1983, CHFS is shielded under sovereign immunity on the state law negligence claim and the additional ADA/Rehabilitative Act Claims are time-barred. Furthermore, the Amended Complaint fails to allege any personal involvement on the part of CHFS. Accordingly, CHFS respectfully request this Court to dismiss the present lawsuit.

Respectfully submitted,

*/s/ Jamhal Woolridge*_____
Jamhal Woolridge
Wesley Duke
Blake Vogt
CABINET FOR HEALTH AND
FAMILY SERVICES
OFFICE OF LEGAL SERVICES
275 E. Main Street, 5W-B
Frankfort, KY 40621
Phone: 502-564-7905
JamhalL.Woolridge@ky.gov
Counsel for CHFS

8

**Certificate of Service**

    The undersigned hereby certifies that he filed this Motion to Dismiss through the CM/ECF System which served a copy on the counsel of record on this the 8th day of May, 2024.

                                        */s/ Jamhal Woolridge*_____