**NOT RECOMMENDED FOR PUBLICATION**

No. 25-5087

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 9, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| JAMIAHIA KENNEDY, on Behalf of Themselves Individually and All Others Similarly Situated; WILLOW NEAL, on Behalf of Themselves Individually and All Others Similarly Situated, | ) ) ) ) ) |
| Plaintiffs-Appellees, | ) ) |
| CHANCHIZ BROWN, on Behalf of Themselves Individually and All Others Similarly Situated, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) ) |
| KENTUCKY DEPARTMENT OF JUVENILE JUSTICE, et al., | ) ) ) |
| Defendants, | ) ) |
| and | ) ) |
| KERRY HARVEY, Individually and in his capacity as former Secretary of the Kentucky Justice and Public Safety Cabinet, et al., | ) ) ) ) |
| Defendants-Appellants. | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY

O R D E R

Before: GRIFFIN, MURPHY, and RITZ, Circuit Judges.

The defendants, Kentucky state officials involved in the juvenile justice system, bring this interlocutory appeal of the district court's order denying their motion to dismiss the plaintiffs' state-law negligence claims based on Kentucky's doctrine of qualified official immunity. The

Case 1:24-cv-00016-GNS   Document 50   Filed 12/09/25   Page 2 of 6 PageID #: 554
Case: 25-5087   Document: 21-1   Filed: 12/09/2025   Page: 2   (2 of 6)

No. 25-5087
- 2 -

parties do not request oral argument, and this court unanimously agrees oral argument is unnecessary. *See* Fed. R. App. P. 34(a). Because the district court correctly decided not to dismiss the plaintiffs' state-law claims at this early stage, we affirm.

The plaintiffs, on behalf of themselves and others who at some time were held in a Kentucky youth detention center, sued the Kentucky Department of Juvenile Justice, the Kentucky Justice and Public Safety Cabinet, the Kentucky Cabinet for Health and Family Services, three youth detention centers, and numerous Kentucky state officials concerning their treatment at such facilities. They sought to certify a class and claimed violations of their constitutional rights under 42 U.S.C. § 1983, state-law negligence, disability discrimination under 42 U.S.C. § 12132, and violations of the Rehabilitation Act, 29 U.S.C. § 794.

The defendants moved to dismiss and to strike the amended complaint. The district court granted the motions in part and denied them in part. As relevant to this appeal, individual defendants Kerry Harvey, Vicki Reed, George Scott, James Sweatt, David Kazee, Tonya Burton, and Christopher Rakes moved to dismiss the state-law negligence claims against them based on Kentucky's doctrine of qualified official immunity. The district court denied the request, determining that the complaint sufficiently alleged that the defendants breached ministerial duties, rather than discretionary ones, and thus qualified official immunity did not apply. The district court also allowed a constitutional claim against Burton in her individual capacity to proceed.

The individual defendants filed this interlocutory appeal challenging the district court's failure to dismiss the negligence claims. They argue that their actions were discretionary in nature and thus immunity applies.

"'[A] district court's order rejecting qualified immunity at the motion-to-dismiss stage of the proceeding' is a final appealable decision . . . ." *Peatross v. City of Memphis*, 818 F.3d 233, 239 (6th Cir. 2016) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009)). "When a federal case involves pendent state law claims, we look to state law to determine whether a denial of state law immunity is appealable." *Gillman v. City of Troy*, 126 F.4th 1152, 1161 (6th Cir. 2025). In Kentucky, an order denying immunity is immediately appealable. *Sheehy v.*

Case 1:24-cv-00016-GNS   Document 50   Filed 12/09/25   Page 3 of 6 PageID #: 555
Case: 25-5087   Document: 21-1   Filed: 12/09/2025   Page: 3   (3 of 6)

No. 25-5087
- 3 -

*Volentine*, 706 S.W.3d 229, 236 (Ky. 2024). Thus, "our authority to hear interlocutory appeals extends to immunities granted under the laws of Kentucky." *T.S. v. Doe*, 742 F.3d 632, 641 (6th Cir. 2014). Because such appeals "must only raise issues of *law*," however, defendants "must be willing to concede to the facts as alleged by the plaintiff[s] and discuss only the legal issues raised by the case." *Peatross*, 818 F.3d at 239 (quoting *Shehee v. Luttrell*, 199 F.3d 295, 299 (6th Cir. 1999)). We review de novo the district court's rejection of a qualified immunity defense at the pleading stage. *Coley v. Lucas County*, 799 F.3d 530, 536 (6th Cir. 2015).

In Kentucky, qualified official immunity "affords protection from damages liability for good faith judgment calls made in a legally uncertain environment." *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001). This "applies to the negligent performance by a public officer or employee of (1) discretionary acts or functions, i.e., those involving the exercise of discretion and judgment, or personal deliberation, decision, and judgment . . . ; (2) in good faith; and (3) within the scope of the employee's authority." *Id*. The parties here dispute whether the defendants' alleged actions were discretionary and thus subject to immunity, or ministerial and not subject to immunity. Though acknowledging that navigating this distinction is "vexing to litigants and courts alike," the Kentucky Supreme Court has concluded that "most immunity issues are resolved by examining the nature of the functions with which a particular official or class of officials has been lawfully entrusted." *Patton v. Bickford*, 529 S.W.3d 717, 724 (Ky. 2016) (quoting *Marson v. Thomason*, 438 S.W.3d 292, 296-97 (Ky. 2014)). "An act is not necessarily 'discretionary' just because the officer performing it has some discretion with respect to the means or method to be employed." *Yanero*, 65 S.W.3d at 522 (quoting *Franklin County v. Malone*, 957 S.W.2d 195, 201 (Ky. 1997)). And "[a] degree of discretion 'with respect to the means or method to be employed' in the performance of a duty does not strip away the ministerial nature of the duty." *Patton*, 529 S.W.3d at 728 (quoting *Upchurch v. Clinton County*, 330 S.W.2d 428, 430 (Ky. 1959)). The "rudimentary" starting point for any such analysis is the principle that "[p]romulgation of rules is a discretionary function; enforcement of those rules is a ministerial function." *Id*. (citation modified).

Case 1:24-cv-00016-GNS   Document 50   Filed 12/09/25   Page 4 of 6 PageID #: 556
Case: 25-5087   Document: 21-1   Filed: 12/09/2025   Page: 4   (4 of 6)

No. 25-5087
- 4 -

In their complaint, the plaintiffs alleged that the individual defendants in question "had a ministerial duty to provide[, pursuant to Kentucky Revised Statutes § 605.100,] children in the Detention Center a program designed and operated in such a manner as to rehabilitate, train, develop, and educate the children"; "to provide[, pursuant to Kentucky Revised Statutes § 15A.065(4)(a),] children in the Detention Center with mental health services and access to an ombudsman to whom they may report concerns"; and "to provide[, pursuant to Kentucky Revised Statutes § 15A.067,] children in the Detention Center with an appropriate education and, upon their release, forward educational records to the district in which the student resides," but they failed to do so. R. 24, PageID 198-99. The defendants argue that the plaintiffs did not allege that the defendants failed to implement such programs altogether, but instead that the programs they implemented and operated were insufficient. They further argue that they are managerial-level employees uninvolved in day-to-day operations and that deciding how to implement programs is a discretionary duty, rather than a ministerial one, because the programs could be implemented in "an infinite number of ways."

At this stage, we must take the plaintiffs' factual allegations as true and construe them in the light most favorable to the plaintiffs. *See Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015). Under these standards, the plaintiffs have alleged at least one narrow factual theory that may proceed: that the defendants *completely failed* to implement programs that provide the services mandated by statute. Although the defendants may be afforded discretion in how they fulfill these statutory mandates, they do not have the discretion to fail to provide services altogether. *Cf. Knott Cnty. Bd. of Educ. v. Patton*, 415 S.W.3d 51, 58-59 (Ky. 2013) (explaining that the defendant had a ministerial duty to adopt a curriculum as directed by statute, even though it had discretion to decide on the content). The plaintiffs alleged that the defendants failed "to train, develop, and educate [p]laintiffs," "provide mental health services and access to an ombudsman," and "provide . . . an appropriate education and . . . forward educational records" as required by the statutes. Even more specifically, the plaintiffs alleged in several instances that they received no educational instruction and medical treatment. Although these allegations may

No. 25-5087
- 5 -

ultimately be insufficient to establish the existence of any ministerial duties, that determination is better suited for resolution at summary judgment.  *See McCoy v. Beasley*, No. 2012-CA-002131, 2014 WL 631667, at *3 (Ky. Ct. App. Feb. 14, 2014) (explaining that "whether an act is discretionary or ministerial in nature is a fact-intensive inquiry that cannot be readily resolved on the pleadings" and can rarely be resolved on a motion to dismiss).

Therefore, we **AFFIRM** the district court's order and **REMAND** for further proceedings.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk

## United States Court of Appeals for the Sixth Circuit

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 12/09/2025.

**Case Name:** Jamiahia Kennedy, et al v. Kentucky Department Of Juvenile Justice, et al
**Case Number:** 25-5087

**Docket Text:**
ORDER filed : We AFFIRM the district court's order and REMAND for further proceedings. AFFIRMED. Mandate to issue, pursuant to FRAP 34(a)(2)(C), decision not for publication,REMANDED. Richard Allen Griffin, Circuit Judge; Eric E. Murphy, Circuit Judge and Kevin G. Ritz, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description:   Order

**Notice will be sent to:**

**A copy of this notice will be issued to:**

Mr. James David Agnew
Mr. Edward A. Baylous II
Mr. Mark F. Bizzell
Mr. John Saoirse Friend
Ms. Laura E. Landenwich
Ms. Erin E. Stemle
Mr. James J. Vilt Jr.